UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:21-cr-00193-JPH-MJD-9 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MARCO URIBE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED. Mr. Uribe filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 1275. In his motion, Mr. Uribe seeks a reduction of his sentence. *See* dkt. 1275 at 11. According to Mr. Uribe, the Court incorrectly calculated his sentencing guidelines range and failed to grant him "acceptance of responsibility," as agreed to in his plea agreement. Dkt. 1275 at 5. Mr. Uribe believes he likely would have received a lower sentence if the Court had correctly calculated his guidelines range and applied the acceptance of responsibility decrease. In light of this disparity, Mr. Uribe now seeks a reduction in sentence. The Court concludes that it does not require a

1

response from the United States to resolve the issues raised by Mr. Uribe's motion.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Uribe's argument that his sentence is improper because the Court allegedly incorrectly calculated his guidelines and failed to apply the decrease for "acceptance of responsibility" is barred by Seventh Circuit precedent. Rather than "circumvent the normal process for challenging potential sentencing errors," a defendant must raise any challenge to his original sentence in a direct appeal or collaterally through 28 U.S.C. § 2255, not by way of a compassionate-release motion." *United States v. Martin*, 21 F.4th 944,

946 (7th Cir. 2021); *United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022); *see also United States v. Sanford*, No. 22-2416, 2022 WL 17176481, at *1 (7th Cir. Nov. 23, 2022).[1]

Because Mr. Uribe has not shown extraordinary and compelling reasons warranting release, the Court need not consider whether the sentencing factors in § 3553 weigh in favor of release.

Accordingly, Defendant's motion for compassionate release, dkt. [1275], is **denied**.

**SO ORDERED.**

Date: 4/28/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Marco Uribe
Reg. No. 55273-509
USP Atlanta
U.S. Penitentiary
P.O. Box 150160
Atlanta, GA  30315

---

[1] However, the Court notes that it did, in fact, apply a three-level decrease for Mr. Uribe's acceptance of responsibility.  *See* dkt. 837 at 8 ¶¶ 22–24 (Presentence Investigation Report awarding Mr. Uribe a three-level reduction for acceptance of responsibility, for a total offense level of 30); dkt. 993 at 2 (Statement of Reasons indicating the Court determined Mr. Uribe had a total offense level of 30).  Using an offense level of 30 and a criminal history category of I, the Court sentenced Mr. Uribe to 120 months' incarceration—which is the statutory mandatory minimum for the offense he pled guilty to.  Dkt. 992 at 2; *see* 21 U.S.C. 841(a)(1), (b)(1)(A) (stating that someone convicted of the offense "shall be sentenced to a term of imprisonment which may not be less than 10 years").